**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

TAVORIS L. JOHNSON, )
)
Plaintiff, )
)
v. ) CV421-225
)
JOHN WILCHER, )
COMMANDER T. FREESEMANN, )
and CHATHAM COUNTY )
DETENTION CENTER, )
)
Defendants. )

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at Chatham County Detention Center, has submitted a complaint challenging multiple conditions of his confinement. Doc. 1. He seeks to proceed *in forma pauperis* (IFP). Doc. 2. As plaintiff has on at least three prior instances filed meritless actions while proceeding IFP, this claim should be **DISMISSED**.

Under the Prison Litigation Reform Act (PLRA), an indigent prisoner is barred from proceeding IPF after filing three meritless actions. 28 U.S.C. § 1915(g). The provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if

> the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In *Johnson v. Wilcher*, this Court reviewed plaintiff's filing history and identified three prior cases that qualify as strikes under 28 U.S.C. § 1915(g): *Johnson v. Fogel*, CV415-095 (S.D. Ga. Apr. 17, 2015), *Johnson v. Raines*, CV415-131 (S.D. Ga. May 12, 2015); and *Johnson v. Wilcher*, CV 417-192 (S.D. Ga. Oct. 16, 2017). *Johnson v. Wilcher*, CV4:20-089, doc. 4 (S.D. Ga. Apr. 28, 2020) (Report and Recommendation), *adopted* doc. 10 (S.D. Ga. Sep. 29, 2020). The Court now adopts by reference its analysis in *Johnson v. Wilcher* and its finding that Johnson has accumulated at least three strikes. As Johnson did not challenge this finding in the prior case, he has effectively waived his ability to do so now. *But see Johnson v. Wilcher*, CV4:20-089, doc. 6 (S.D. Ga. May 26, 2020) (objection alleging that he was in imminent danger of serious physical injury).

PLRA does provide an exception to this restriction if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To qualify for the exception, a plaintiff must allege more than a speculative

or generalized risk. *See Sutton v. Dist. Atty's Office*, 334 F. App'x. 278, 279 (11th Cir. 2009) (general assertions of risk are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." (internal quotation omitted)); *see also Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed."). The closest that plaintiff comes to this standard is in alleging that he is in "imminent danger of being falsely imprisoned." Doc. 1 at 7. As being detained or imprisoned is not a "serious physical injury," plaintiff has not satisfied the exception to 28 U.S.C. § 1915(g).

As plaintiff has failed to allege an "imminent danger of serious physical injury," his motion to proceed IFP should be **DENIED**. Doc. 2. Having filed three meritless claims, plaintiff "must pay the full filing fee at the time he initiates suit" in order to bring future cases before the Court. Therefore, it is **RECOMMENDED** that the Complaint be **DISMISSED WITHOUT PREJUDICE**.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648

F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 5th day of August, 2021.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA